**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ] | |
| | ] | |
| **v.** | ] | **No. 3:22-CR-00327-1** |
| | ] | **JUDGE TRAUGER** |
| **[1] CHESTER GALLAGHER** | ] | |
| **[2] HEATHER IDONI** | ] | |
| **[3] CALVIN ZASTROW** | ] | |
| **[4] COLEMAN BOYD** | ] | |
| **[6] PAUL VAUGHN** | ] | |
| **[7] DENNIS GREEN** | ] | |

**MOTION FOR PRETRIAL RULING ON ADMISSIBILITY OF GALLAGHER VIDEO CLIPS AND PERMISSION TO PLAY CLINIC WORKER VIDEO WITH AUDIO**

Come now the Defendants, Chester Gallagher, Heather Idoni, Calvin Zastrow, Coleman Boyd, Paul Vaughn and Dennis Green, by and through undersigned counsel, and hereby move, in light of the Court's prior directive during the January 4, 2024 phone conference (DE 439), to admit the following proposed video clips and transcripts from the Chester Gallagher videos (for the record, counsel will separately and manually file a thumb drive containing the requested videos, as well as copy of the clinic worker video containing the sound; transcripts will be included). The defendants further maintain that they should be permitted to introduce the clinic worker video with the sound on should the government continue to insist on introducing it without sound. Counsel for defendant Vaughn will separately file objections and proposals to the Vaughn video.

**ANALYSIS**

Federal Rules of Evidence, Rule 106 provides:

> If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection.

See Fed.R.Evid. 106. In 2023, Rule 106 was amended specifically to provide "that if the existing fairness standard requires completion, then that completing statement is admissible over a hearsay objection." Fed. R. Evid. 106 (2023 Adv. Committee Notes). The Committee notes specifically read:

> The Committee has determined that the rule of completeness, **grounded in fairness**, cannot fulfill its function if the party that creates a misimpression about the meaning of a proffered statement can then object on hearsay grounds and exclude a statement that would correct the misimpression. *See United States v. Sutton*, 801 F.2d 1346, 1368 (D.C. Cir. 1986) (noting that "[a] **contrary construction raises the specter of distorted and misleading trials,** and creates difficulties for both litigants and the trial court")

*Id* (emphasis added).

The specific issue before this Court is whether the government's proposed presentation of ***several isolated excerpts*** from various videos of the March 5, 2021 incident, in fairness, should be admitted without considering other video evidence. The defendants have maintained that the failure of the government to play the Mr. Gallagher's video in full (minus several redacted statements) creates an overall misimpression of what occurred (*a picture is worth a thousand words* and mere testimony about the matter is nowhere near as accurate as the video and fails to capture the essence and reality what occurred), however the Court has issued its ruling and the defendants now propose several additions to supplement the government's selected clips in an

effort to more accurately depict for the jury the events of March 5, 2021. In fairness, the defendants submit that the Court should allow all of the requests as to Mr. Gallagher's videos.

As to the Carafem employee video, the defendants continue to object to the sound free video as it clearly distorts and misrepresents the interaction with this employee. Should the government continue to insist on a sound free video, the defendants should be permitted to introduce the video with sound.

Finally, the defendants, per the Court's suggestion presented a stipulation to the government, however as of the filing of this motion no stipulation has been reached. The government takes the position that the contents of the proposed stipulation can be established through witness direct testimony and cross-examination.

**CHET GALLAGHER VIDEO**

Counsel for Mr. Gallagher submitted ten video clips to the government and the parties were able to reach an agreement as to two of the videos, a partial agreement as to two of the videos and no agreement as to the remaining six, two of which the defense; the defense has stricken two requests but include the videos for clarity and due to the references in this pleading. Defendants believe that the whole of the submitted portions should be admitted under the rule of completeness notwithstanding any objection for hearsay as now authorized by the new amendment to Rule 106, Federal Rules of Evidence. For the record, the defendants continue to maintain that the original Chester Gallagher Facebook video, minus the proposed redactions, should be submitted and the failure to do so leaves an unfair and false impression upon the jury that additional persons, other

than the several potential patients and one staff member depicted in the video, were denied access to Carafem.

The defendants understand the Court's ruling on this issue and submit the following:

**Video Request #1**

The defendants request that the statements made by Mr. Gallagher prior to the first officer warning and request that the group leave be played. Slightly before the warning, Mr. Gallagher says:

> "…what we are doing today peacefully, non-violently, no damage to property, no injury to others, trying to interpose [**MUTE** - putting oneself between the child who's about to be slaughtered in this place at the hands of baby killers]. And those who are being …(INAUDIBLE) interpose will protect them… it's time to pray and show this video to other people praying as well."

As to this video, the defendants submit that in fairness the added language illustrates for the jury what the defendants were doing when approached by the police officer and asked to leave; this is relevant and puts the officers' statements into context and more accurately depicts what the defendants are doing when asked to vacate the building.

**Video Request #2**

The parties have agreed to the attached modification of this video.

**Video Request #3**

The defense withdraws this request.

**Video Request #4**

The government has agreed to part of the proposed additions to this video clip, which largely contains references to the manner in which the group is going to exit the building. The portion of the clip in dispute is highlighted:

Paul Vaughn (00:11:26):
They're going to arrest after this next announcement, but more police just come up in the elevator. I'm sent to let you know.

Chester Gallagher (00:11:34):
Okay, so anyone that is not risking arrest, as soon as you hear the announcement go down the stairway.
No, just go down the stairway everybody just march out in a line No, we can go. They're going to let you go in the elevator. Yeah, go on the elevator. You're more likely to encounter someone on your way. So everybody go down there and that's going to be your goal to try and encounter as many as you can

Unknown Woman (00:11:59):
Chet, Chet, Chet, hey do I stay in here, is that OK, or do I need to go down.

Chester Gallagher (00:11:59):
You can give that to somebody else

(00:11:59):
So the police are going to come in a moment and they're going to give us a second warning. And at that time we still have a few more lingering, that God for them, buying more time.

Unknown Speaker (00:12:29):
Okay, wait, hold that door. Make that choice.

Chester Gallagher (00:12:37):
Alright, so by now I hope that several of you have seen that this rescue is going online. Here is Mount Juliet, Tennessee at the Carafem ~~Murder Mill~~. My name's Chet Gallagher. I'm here with Cal Zastrow and a handful of rescuers worshiping in this place ~~of murder.~~[1] As the police are preparing a strategy to take us into custody. So we have a window opportunity here where we can communicate. So I'll give some who might've just joined us, an opportunity to know what's going on. Come out here and just get a scan of the hallway so you can see that we have people standing here. We have two doors to block the one here

[1] The crossed-out portions will be muted from the clip.

> to the left where you see our friend Cal Zastrow talking to Pastor Paul Vaughn and then over here to the left you'll see seated at the door are the other rescuers.

The proposed language is "alright, so by now I hope that several of you have seen that this rescue is going online. Here in Mount Juliet at the Carafem [**mute Murder Mill**] I'm here with Cal Zastrow and a handful of rescuers worshipping in this place…" In fairness, the rule of completeness warrants this addition because as some of the group prepare to peacefully march out, while others await another warning, Mr. Gallagher explains their actions as **a rescue with worship.** The defense maintains that a rescue is not per se a violation of the law and, as such, the explanation that they are merely rescuing and worshipping simply explains what the group is doing while waiting for a second warning that they need to leave.

**<u>Video Clip #5</u>**

Video Clip #5 proposes the following, all spoken by Mr. Gallagher, with the proposed defense additions highlighted:

> Fortunately, somebody's here loving this child in a very real way. How many more we hope more will come And that's the reason that we're here today. To the extent he's saying that you did it to one of the least brothers of mine, even the least of them, you did it for me.
>
> (00:17:51):
> Listen, make no mistake, this is not a protest, this is not a demonstration. These are not acts of civil disobedience. This is the obedience of scripture following the command of the king who's promised us. that to the extent that we do to the least of his, he will do for us.

Here, the government objects again to the proposed additions, but will remove the line of "These are not acts of civil disobedience." The defense maintains that the goal of a rescue is to

convince a person not to go through with an abortion. The language before and after the statement "Listen make no mistake, this is not a protest and this is not a demonstration. These are not acts of civil disobedience" explains what that rescue is – loving and standing up for the unborn child, standing up for the most vulnerable; such advocacy on behalf of another is not necessarily illegal and explains why the defendants were there. Thus, in fairness the proposed language explains how a rescue differs from a protest, is relevant and should be admitted.

**Video Clip #6**

The government has refused to include the following highlighted portions of this video clip:

Officer Schneider (00:23:45):
Part the seas. Ok part the seas, she has an appointment. Move out of the way

Unknown Man (00:23:48):
We won't be able to do that.

Officer Schneider (00:23:49):
Move out of the way

Clinic Employee A (00:23:49):
Step in here so I can

Unknown Woman (00:23:58):
Officer aren't called to protect life. You're literally, Officer, you're literally leading a baby into be murdered

Officer Schneider (00:24:02):
Where's the clinic

Patient B (00:24:06):
I'm not killing the baby, I promise you I'm just, yeah,

Officer Schneider (00:24:11):
Is this the clinic

Patient B (00:24:11):
I'm not going in this too much. This even makes me uncomfortable.

Unknown Woman (00:24:13):
Ma'ma have mercy on your baby..please .

Unknown Speaker (00:24:13):
Look no Look.. she an appointment. She has an appointment. OK

Unknown Woman (00:24:25):
Same thing.

Unknown Speaker (00:24:27):
Did she leave? Okay, well nevermind.

Unknown Woman (00:24:28):
PRAISE GOD (Singing and clapping...._

Chester Gallagher (00:24:38):
Wait wait, Lemme explain why there's nothing left to applaud for, alright. Thank God that she didn't come in. We're thankful for that, but I just don't want you to lose the focus. We're here laying down our lives, we're risking going to prison. It's not a day to applaud for individual successes.

The government's video clip depicts a woman walking down the hall with security; the woman then turns away and leaves which is where the government's clip ends. The defense wants to add the next approximately thirty seconds which contains what appears to be confirmation that the woman voluntarily left: "Did she leave? Okay, well nevermind." Then when the group starts to praise, sing and clap as a response to the woman leaving, Mr. Gallagher says, "wait, wait. Lemme explain there is nothing left to applaud for, alright. Thank God that she didn't come in. We're thankful for that, but I just don't want you to lose focus. We're here laying down our lives, we're risking going to prison. It's not a day for individual successes."

The rule of completeness warrants including the information confirming that the woman voluntarily left and Mr. Gallagher's response and reminder of why the group is there – to rescue and hope to save the unborn. In fairness, this requested segment of the video should be admitted. Moreover, it places the government's excerpt in video clip #7 in context and underscores the woman's voluntary decision to leave as she is escorted towards the door of the clinic. The requested, but objected to, clips are relevant.

**Video Clip #7**

The defense strikes its request for the inclusion of this clip.

**Video Clip #8**

The government objects to the proposed expansion of Video Clip #8 which is as follows with the defense request in yellow:

Chester Gallagher (01:29:15):
and so and so , we'll make this clear Paul, by the way, Pastor Paul of all the things you could have wanted to witness today, except this amazing worship going on, which this part is to hear how well Paul engaged the police.

Cal Zastrow (01:29:42):
Praise the Lord.

Chester Gallagher (01:29:43):
I was overjoyed to be there with you brother. Thank you Jesus. You shared some of that, so I'll be sure you pray for him. And it was really great. God had it Heaven ordained and set it up. So having said that, what time is it?

Unknown Woman (01:29:59):
9 25.

Chester Gallagher (01:30:01):
Okay, we have five minutes to discuss that and then I'm going to go back with Paul and we're going to report to the police what we found out.

Video Clip #8 which includes Mr. Gallagher speaking with Mr. Zastrow and a woman, focuses on that *both* Paul Vaughn *and Chester Gallagher* engaged the police to bring the actions of March 5, 2021 to a peaceful conclusion. The requested information also reminds the jury of what time it is when the conversations occurs and shows that both Vaughn and Gallagher were working towards a resolution[2]. The government has proposed a few sentences however the defense proposes additional language (or approximately 45 more seconds) that establishes that Mr. Gallagher was going back and forth to report to police as well. In fairness, to provide the jury of a more accurate depiction of who was doing what and how peacefully and organized their actions were should be admitted. While the government is maintaining there was an illegal harassment and interference, the defendants worked with law enforcement to bring what they submit was lawful conduct to a quick and orderly conclusion. In fairness, the proposed forty-five seconds establishes the defendants' peaceful, lawful and respectful behavior and should be presented to the jury.

**Video Clip #9**

The highlighted portions of the following video clip are subject to another objection by the government:

Chester Gallagher (01:31:08):
If you're not risking, . Anybody here risking, not risking arrest everybody here understanding what can happen even as a juvenile and you'll be separated from

---

[2] It should be noted that the entire incident was concluded by approximately 11:15 to 11:30 a.m. as indicated by the overall length of the videos and the statements of witnesses contained in the FBI 302s.

your parents. maybe more than a day, but you might also be written a citation. They wouldn't tell me we can't promise anything. I don't think they want to take a single juvenile to jail, but I don't know that that won't happen. You'll be arrested at least cited. Are you guys understanding that? Okay. Yeah. Anybody here want to go home? This is the time you tell me. Alright, along this wall, who's leaving? Raise your hand. Okay, those of you're leaving, just move down there by Justin.

Cal Zastrow (01:31:47):
You guys did awesome

Unknown Woman (01:31:48):
Do you want me to keep your phone or do you want to hold you phone

Chester Gallagher (01:31:51):
I'm going to go ahead. We'll continue running this and I'm going to go ahead and give, let's see. Why don't you go ahead and take this Caroline and just continue to let the people know what's going on.

Cal Zastrow (01:32:02):
We got four juveniles here and all their parents are here.

Chester Gallagher (01:32:05):
Okay, good.

Cal Zastrow (01:32:06):
So they can be released.

Chester Gallagher (01:32:08):
Okay good . So are some of the parents still in custody?

Cal Zastrow (01:32:11):
Well, Ruthie's here.

Dennis Green (01:32:12):
Ruthie's outside.

Cal Zastrow (01:32:13):
Okay. Alright, good. Yeah, I know that. But you're also also parent that's in custody. Yeah. One. Okay, so 1, 2, 3, 4, 5, 6.

(01:32:19):
13

Chester Gallagher (01:32:46):
13 adults

Cal Zastrow (01:32:46):
No I'm sorry 13 total

Chester Gallagher (01:32:46):
OK how many adults, 4 juveniles. Ok four juveniles, alright an

(01:32:48):
Cal Zastrow (01:32:46):
You count too, to double check, math's not my strong point

Caroline Davis (01:32:46):
14 all together.

Chester Gallagher (01:32:48):
Okay, you want to Talk to these folks, you guys. unintelligible

Caroline Davis (01:32:56):
So the blowfish are leaving, Blowfish are leaving. Praise God for this rescue. Praise God. Faithful blowfish.

As to video clip 9, the government has agreed with several proposed defense additions with the exception of Cal Zastrow complimenting the others on their participation, as well as several other comments by the defendants that simply embrace their agreement to conclude the rescue and, again, how orderly the defendants were. The requested completeness as to this clip is necessary and should be presented as requested and to ensure fairness particularly because some juveniles were arrested; it is important that the jury see that the parents were aware of the arrests and Mr. Gallagher, Mr. Zastrow and the other defendants were acting responsibly and with parental consent and as to the juveniles.

The last objected to comment is from Carolyn Davis and refers to the blowfish[3] leaving. The government cuts off Ms. Davis' statement before she says "Praise God for this rescue. Praise God faithful blowfish." Given Ms. Davis' status as a government cooperator, her purported change of heart about her actions and her current criticism about the appropriateness of rescue, her zealous participation in this rescue is relevant and, in fairness, should be accurately and fully presented to the jury.

**<u>Video Clip #10</u>**

The parties have agreed to the attached modification of this video.

**CARAFEM EMPLOYEE VIDEO**

The government has proposed introducing a video taking by a Carafem employee without the sound. This same employee has been interviewed at least twice by the government and claims to have been scared during this incident. The audio on the video paints a drastically different picture. The real time demeanor and tone taken by the Carafem employee as she confronts and directly engages the people in the hallway is relevant and, in fairness, should be presented to the jury. There is a clear and obvious misrepresentation of what occurred during this interaction without the sound on.

3 Ms. Davis has testified at three prior trials for the government providing definitions for various terms, including blowfish. It is anticipated she will continue to do so here.

## CONCLUSION

Based upon the foregoing, the defendants request the instant motion be granted. The defense will manually file copies of the videos and transcripts referenced in this pleading but wanted to file this motion immediately for the Court's consideration.

Respectfully submitted,


**/s/ Jodie A. Bell**
JODIE A. BELL, No. 18336
Washington Square Building
214 Second Avenue North, Suite 208
Nashville, Tennessee 37201
(615) 953-4977
(615) 928-1901 facsimile
jodie@attorneyjodiebell.com
Attorney for Gallagher

**/s/ William J. Conway (by permission)**
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
(615) 260-5364
wjconway@gmail.com
Attorney for Defendant Heather Idoni

**/s/ Robert L. Parris (by permission)**
Robert L. Parris, Attorney at Law
200 Jefferson Avenue, Suite 1500
Memphis, TN 38103
(615) 490-8026
rlp@robertparrisattorney.com
Attorney for Defendant Calvin Zastrow

**/s/ Kerry Haymaker (by permission)**
Haymaker & Heroux, P.C.
545 Mainstream Drive, Suite 420
Nashville, TN 37228
(615) 250-0050

haymaker@tennesseedefense.com
Attorney for Defendant Coleman Boyd

**/s/ Stephen M. Crampton (by permission)**
STEPHEN M. CRAMPTON
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
662-255-9439
scrampton@thomasmoresociety.org
Attorney for Defendant Paul Vaughn

**/s/ Manuel B. Russ (by permission)**
MANUEL B. RUSS
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com
Attorney for Defendant Dennis Green

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Motion was filed electronically and served on the following by the EF/CME electronic filing system:

**William Conway**
214 Second Avenue North, Suite 208
Nashville, TN 37201
((615)260-5363
wjconway@gmail.com
Attorney for Heather Idoni

**ROBERT LYNN PARRIS**
Robert L. Parris, Attorney at Law
200 Jefferson Avenue
Suite 1500
Memphis, TN 38103
(615) 490-8026
rlp@robertparrisattorney.com
Attorney for Defendant Calvin Zastrow

**G. KERRY HAYMAKER**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
(615) 250-0050
haymaker@tennesseedefense.com
Attorney for Defendant Coleman Boyd

**LARRY LAMONT CRAIN**
5214 Maryland Way
Suite 402
Brentwood, TN 37207
(615) 376-2600
larry@crainlaw.legal

**STEPHEN M. CRAMPTON**
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
662-255-9439
scrampton@thomasmoresociety.org
Attorney for Defendant Paul Vaughn

**MANUEL B. RUSS**
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com
Attorney for Defendant Dennis Green

**AMANDA J. KLOPF**
U.S. Attorney's Office (Nashville)
719 Church Street
Suite 3300
Nashville, TN 37203
(615) 736-5151
amanda.klopf@usdoj.gov
Representing **USA** (*Plaintiff*)

**KYLE BOYNTON**
**WILFRED BEAYE**
Department of Justice
150 M Street NE
Washington, DC 20002
(202) 598-0449
Representing **USA** (*Plaintiff*)

This the 9th day of January, 2024.

/s/ Jodie A. BEll
JODIE A. BELL